244 July 1, 2026 No. 629

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARIEL LONGANECKER,
aka Ariel Gabrielle Barber,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CN04856; A185338

Heidi H. Moawad, Judge.

Submitted June 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kasey Anne Hooker, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a judgment for punitive contempt of court, ORS 33.015(2)(b) and ORS 33.065. The trial court found defendant in contempt for failing to comply with a dissolution judgment that ordered defendant to pay child support. Defendant agrees that she did not pay child support. In her first assignment of error, defendant argues that, despite her nonpayment, the trial court erred when it denied her motion for judgment of acquittal (MJOA). She argues that the dissolution judgment ordered her to make payments in the past—before the entry of the judgment— and thus it was impossible to comply. In her second assignment of error, defendant argues that the trial court applied an incorrect legal standard regarding willfulness, an element of punitive contempt. We conclude that the trial court did not err when it denied the MJOA or when applying the legal standard for willfulness. Thus, we affirm.

In this nonprecedential opinion, we discuss the facts and procedural history only as necessary for the parties to understand our resolution of defendant's assignments of error.

*First Assignment of Error.* We review the denial of a MJOA in a punitive contempt case "to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find all elements of contempt beyond a reasonable doubt." *State v. Graham*, 251 Or App 217, 218, 284 P3d 515 (2012). In September 2021, the circuit court entered a stipulated dissolution judgment that ordered defendant to pay child support to her ex-husband for May 2021 until August 2021, and provided that child support had been due on the first day of May, June, and July 2021. The stipulated dissolution judgment included an amount of child support due and an agreed-upon per annum interest rate "from the date the arrearage accrues until paid." The state filed a complaint alleging one count of punitive contempt of court on September 25, 2023, two years after the entry of the stipulated dissolution judgment.

Defendant interprets the dissolution judgment as requiring her to pay child support in May, June, and July

2021. Based on that interpretation, she raised the affirmative defense of inability to comply with the court order under ORS 33.065(7). She argued in the trial court that it was impossible for her to comply with the judgment because it was entered in September 2021, and it required her to perform actions in the past. The trial court rejected defendant's argument and denied the MJOA. Defendant renews her argument on appeal.

Defendant misinterprets the stipulated dissolution judgment. In that judgment, defendant agreed that she owed past-due child support, and she agreed to pay the total amount of past due child support and any resulting interest. The judgment did not require performance of an act in the past. Thus, the trial court correctly rejected defendant's MJOA.

*Second Assignment of Error.* Whether the trial court correctly interpreted the willfulness requirement presents a question of law. *See State v. Nicholson*, 282 Or App 51, 56-57, 383 P3d 977 (2016) (applying that standard). We view "the material facts in the light most favorable to the state, consistent[] with the trial court's express findings." *Id.* at 52. "Willfully," as used in ORS 33.015(2), means "intentionally and with knowledge that the act or omission was forbidden conduct ***." *Id.* at 62 (internal brackets and quotation marks omitted). A defendant willfully disobeys an order to pay child support when "aware of a court order, [they] neither complied with nor sought modification of the court's order." *State ex rel Mikkelsen v. Hill*, 315 Or 452, 458, 847 P2d 402 (1993). That is, a trial court may infer a willful violation from facts that establish a knowing violation. *State v. Welch*, 295 Or App 410, 417, 434 P3d 488 (2018).

In this case, we have reviewed the trial court's findings and we conclude that the trial court properly understood and applied the willfulness requirement, as interpreted in *Nicholson*. Additionally, the record contains sufficient evidence for the trial court to find a willful violation. Defendant admitted that she knew of the court order to pay child support and that she had not made the payments, indeed she had not even made partial payments. Defendant testified that she worked relatively low paying jobs, and that she did

not have enough money to pay the child support obligation and support herself and her children. We sympathize with defendant's circumstances. But, as the trial court noted, defendant did not contact the court to attempt to modify the judgment during the two years between the entry of the dissolution judgment and the initiation of the contempt action. Instead, defendant simply did not make the payments. And the trial court, as the factfinder, was permitted to infer defendant's willful violation of the child support order from the evidence before it.

Affirmed.